

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2003

# USA v. Amankwah

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3476

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Amankwah" (2003). *2003 Decisions.* Paper 452.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/452

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

NO. 02-3476

————

UNITED STATES OF AMERICA

v.

ISAAC QUARTEY AMANKWAH,
a/k/a Isaac Quartey,
Appellant

————

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Crim. Action No. 00-cr-00274)
District Judge:  Honorable Mary Little Cooper

————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2003

BEFORE:  ALITO, ROTH and STAPLETON, Circuit Judges

(Opinion Filed: June 17, 2003)

————

OPINION OF THE COURT

————

STAPLETON, <u>Circuit Judge</u>:

Appellant Isaac Amankwah pled guilty to conspiring with others to distribute and to possess with the intent to distribute more than 500 grams of cocaine between October 1996 and June 1998. At sentencing, Amankwah requested, but the District Court denied, a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). He was sentenced to 58 months of imprisonment, and he now appeals, asserting that his "limited participation" in the conspiracy warranted a two-level minor role adjustment.

Amankwah was originally recruited by Raymond Williams in 1996 to smuggle more than 500 grams of cocaine to London, England. Williams, the leader of the smuggling operation, paid Amankwah $3,000 upon Amankwah's return to the United States. Amankwah, in addition to admitting his 1996 smuggling trip, acknowledged investing his own money in the smuggling operation on one occasion by providing $3,000 for the purchase of cocaine from "Tony," the main cocaine supplier to the operation. Other participants in the smuggling scheme stated that Amankwah purchased cocaine for himself on several occasions and that he funded cocaine purchases for smuggling operations. Amankwah knew that the cocaine he helped to purchase would be smuggled to locations in Europe.

At the conclusion of the sentencing hearing, the District Court made the following finding:

> [D]efense counsel here argues that Mr. Amankwaah had
> a limited role in the overall scope of the relevant conduct that
> is referred to in the conspiracy that the Government charges

2

against him in that he only did one courier trip and had a limited investment role and even with the addition of some purchases that he's admitted now directly from the cocaine supplier, this is still less participation that the average participant in this criminal venture. . . .

And the Government on the other hand has made a detailed statement here on the record which sets forth what the Government's version of this criminal conspiracy and criminal activity over an extended period of time involved. And the Government states that Mr. Amankwaah follows a rather typical pattern in the development of the activities of a number of these participants, namely Mr. Amankwaah started out as a courier and then having earned some money in his courier role on one trip, he took a more background role, but nevertheless remained involved and by his own admission he did contribute $3,000 as an investment for additional cocaine transactions. And the Government further proffers that it has evidence that Mr. Amankwaah stepped into a direct role in making purchases from the cocaine supplier as his role evolved over time. And Mr. Amankwaah has admitted those facts to the Government, not here on the record but during a proffer session in order to achieve entitlement to the safety valve relief in this case.

I find on the basis of the description by the Government which is based on its available information and evidence that Mr. Amankwaah's participation in the overall course of events for which he is responsible is not less culpable than most other participants as defined now under Application Note 5 to Section 3(b)1.2. . . .

Appellant's Br., Da 16 at pp. 15-16.

In determining whether a defendant is less culpable than most other participants, this Court has indicated that the District Court should look to: "(1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the

3

defendant's actions to the success of the venture." *United States v. Brown*, 250 F.3d 811, 819 (3d Cir. 2001) (internal citation omitted). Thus, defendant's "eligibility for 'minor participant' status turn[s] on whether the defendant's 'involvement, knowledge, and culpability' were materially less than those of other participants." *Id.*

We cannot say that the District Court's decision was clear error. Amankwah was not a mere drug courier. In addition to knowingly smuggling cocaine, Amankwah invested his own funds to purchase cocaine which would eventually be smuggled out of the United States. Amankwah admitted having had direct contact with "Tony," the operation's main cocaine supplier, and receiving cocaine from him. Thus, over time, Amankwah's role in the offense evolved from that of a courier, to that of an investor, to that of a direct procurer of the organization's cocaine. His role as an investor and his contact with Williams and the organization's principal drug supplier indicate that he had knowledge of the breadth and scope of the operation and its activities beyond that which a mere courier might possess.

Amankwah bore the burden of proof, and with the exception of Williams, he did not demonstrate that his involvement, knowledge and culpability were materially less than those of any other participant in the smuggling operation.

The judgment of the District Court will be affirmed.

4

TO THE CLERK:

Please file the foregoing Not Precedential Opinion.


 Walter K. Stapleton
Circuit Judge